[645 NYS2d 859]

In the Matter of RAYMOND G. PEREZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 29, 1996

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court, dated February 29, 1996, the respondent was suspended from the practice of law, upon a finding that he failed to comply with the lawful demands made upon him in connection with the Grievance

Committee's investigation and upon uncontroverted evidence. That order also authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent and referred the issues to the Honorable Lawrence N. Martin, Jr., as Special Referee, to hear and report.

On January 5, 1996, the respondent was served in Florida with an order to show cause seeking the respondent's interim suspension along with a petition setting forth four charges of professional misconduct against him. The charges include failure to promptly pay or deliver to a client funds or other property to which the client was entitled, breach of his fiduciary responsibilities and failure to account for funds entrusted to him, and failure to cooperate with the Grievance Committee. The respondent was also served with a copy of the order of suspension at the Florida address at which he reported that he is presently residing.

Grievance Counsel thereafter contacted the respondent by calling a pager number which the respondent had provided to the investigator for the Florida Bar. Although the respondent expressed an intention to answer the petition, he remained in default.

The petitioner moved to impose discipline upon the respondent based upon his default and has served the respondent with notice of the default motion on April 12, 1996, via regular and certified mail. The respondent has submitted no response to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Raymond G. Perez, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Raymond G. Perez is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.